THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL HARRIS and PASCAL HARRIS,<br><br>Plaintiffs,<br><br>v.<br><br>SPORTBIKE TRACK GEAR; TWO TWENTY MOTORSPORTS, LLC; PLANET-KNOX LTD; XYZ ENTITIES 1-10 (fictitious designations); ABC CORPORATIONS 1-10 (fictitious designations); GEF LIMITED LTD; JOHN DOES 1-20 (fictitious designations),<br><br>Defendants, | Civil Action No.: 2:13-cv-6527-JLL-JAD<br><br>**REPORT AND RECOMMENDATION** |

## JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon motion by Planet-Knox Ltd. ("Planet-Knox") to dismiss Paul and Pascal Harris' ("Plaintiffs") Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), (Mot. To Dis., ECF No. 27), as well as Plaintiffs and Defendants Two Twenty Motorsports LLC and SportBike TrackGear's opposing request for jurisdictional discovery. (Brs. In Opp., ECF Nos. 31, 33). Co-defendants Two Twenty Motorsports and SportBike TrackGear have also requested that in the alternative to dismissal, the Court instead transfer this matter to the Eastern District of Michigan pursuant to 28 U.S.C. 1404(a). (Br. In Op., ECF No. 33, at 8-9). Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. Upon review of the parties' arguments, and for the following reasons, this Court recommends that Planet-Knox Ltd.'s motion to dismiss be **DENIED**. The request for jurisdictional discovery, however, is also **DENIED**. This Court sua sponte recommends that the Court transfer the case to the Eastern District of Michigan, pursuant to 28 U.S.C. §1631, to

determine whether the Court in that District may properly exercise personal jurisdiction over Planet-Knox.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs Paul Harris and Pascal Harris brought this action against Defendants asserting personal injury claims that resulted from a motorcycle accident that took place on March 12, 2011. (First Amended Complaint, ECF No. 1). Plaintiffs assert that Defendant, Planet-Knox, a company located and organized under the laws of the United Kingdom, designed and manufactured defective motorcycle gloves that exacerbated plaintiff's alleged injuries. (Id.) Since 2009, Planet-Knox has exclusively sold its motorcycle gear products to Two Twenty Motorsports, LLC, a corporation located and incorporated in Michigan. (Declaration of Geoff Travell ("Travell Decl."), Ex. A, ECF No. 27-2, ¶ 26). Based on the facts alleged, it appears that Two Twenty Motorsports, LLC resold the alleged defective gloves to co-defendant, SportsBike TrackGear, another corporation located and incorporated in Michigan. (Id.) Plaintiffs contend that Mr. Harris thereafter purchased the "Knox Handroid Hand Armour" motorcycle gloves on his computer from SportsBike TrackGear. (First Amended Complaint, ECF No. 1). Plaintiffs additionally contend that after Mr. Harris placed his order, SportsBike TrackGear, delivered the gloves to his residence in New Jersey. (Id. at ¶ 11).

On or about July 18, 2014, Defendant Planet-Knox moved to dismiss Paul and Pascal Harris' ("Plaintiffs") Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (Mot. To Dis., ECF No. 27). Planet-Knox argues that it is not subject to either general or specific jurisdiction in this District. (Br. In Sup. of Mot. To Dis., ECF No. 27-1 at 15).

On or about August 19, 2014, Plaintiffs filed a brief opposing Planet-Knox's motion to dismiss. (Pls. Br. In Op., ECF No. 31). Plaintiffs contend that jurisdiction over Planet-Knox is proper because Planet-Knox maintains a website, which they argue solicits consumers throughout the United States, including in New Jersey. (Id. at 4). Plaintiffs also argue that the Court should permit the parties to engage in jurisdictional discovery. (Id. at 7). Specifically, Plaintiffs request discovery to include the following information:

(1) All documentation, data, or other material in any form with respect to all order for Knox products placed by or delivered to SportBike TrackGear;

(2) Names and addresses of all United States based purchasers of Knox products through its website;

(3) Names and addresses of deliveries to the United States of Knox products purchased through the website;

(4) All data obtained through the use of the Planet-Knox.com website connected to any United States based website visitor;

(5) All invoices, shipping documents, labels, manifests, and all other documents and/or communications, electronic or otherwise, between Knox and Co-defendants SportBike TrackGear, Two Twenty Motorsports, and/or any other United States based distributor, retailer and/or dealer;

(6) All marketing materials distributed in the United States;

(7) All electronic information maintained and/or saved with respect to any social media platform including Facebook, Twitter, Instagram, and Youtube; and

(8) All documents or data in connection with any United States based company which receives any Knox product as Original Equipment.

(Id. at 11-12).

On or about the same day, Defendants Two Twenty Motorsports and SportBike TrackGear also filed a brief opposing Planet- Knox's motion to dismiss. (Br. In Op., ECF No. 33). Co-defendants assert that by engaging in nationwide distribution of its products, as well as its Internet activity, Planet-Knox should be subject to personal jurisdiction in New Jersey. (Id. at 8). Co-defendants also contend that if this Court concludes New Jersey does not have jurisdiction over Planet-Knox, transfer of this action to the Eastern District of Michigan is appropriate, pursuant to 28 U.S.C. § 1404. (Id. at 10).

Thereafter, on or about September 03, 2014, Defendant, Planet-Knox submitted a reply brief in further support of its motion to dismiss. (Rep. Br., ECF No. 37). Specifically, Planet-Knox argues that personal jurisdiction cannot be established through its website or social media platforms because there is no evidence that Planet-Knox purposefully targeted New Jersey consumers. (Id. at 9). Planet-Knox also asserts that the request for jurisdictional discovery should be denied and that there is also no basis to transfer this action to the Eastern District of Michigan. (Id. at 11-13).

## II. LEGAL STANDARD

Once a defendant files a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing sufficient facts to show that jurisdiction exists. Marten v. Godwin, 499 F.3d 290, 295–96 (3d Cir. 2001). The plaintiff "need only establish a prima facie case of personal jurisdiction." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). However, a plaintiff may not "rely on the bare pleadings alone" in order to withstand a motion to dismiss for lack of personal jurisdiction; "[o]nce

the motion is made, plaintiff must respond with actual proofs, not mere allegations." Patterson v. FBI, 893 F.2d 595, 604 (3d Cir. 1990).

A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state. D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009) (quoting Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 436 (3d Cir. 1987)). The New Jersey long-arm statute permits the exercise of personal jurisdiction over a nonresident defendant to the extent permitted by the United States Constitution. N.J. Sup.Ct. R. 4:4–4(c)(1); Nicastro v. McIntyre Mach. Am., Ltd., 201 N.J. 48, 987 A.2d 575, 596 (N.J. 2010). As a consequence, the Court must determine whether, consistent with the Fourteenth Amendment, Defendants have "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

There are two types of personal jurisdiction, general jurisdiction and specific jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–15 & n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Since the recent Supreme Court's decision in Daimler AG v. Bauman, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014), courts have recognized that general jurisdiction extends beyond an entity's state of incorporation and principal place of business only where its contacts with another forum are so substantial as to render it "at home" in that state. JWQ Cabinetry, Inc. v. Granada Wood & Cabinets, Inc., No. 13-4110 (FLW), 2014 WL 2050267, *3 (D.N.J. May 19, 2014). "The paradigm forum for general jurisdiction over an individual is the individual's domicile, his home." Id.

Specific personal jurisdiction "allows for the exercise of personal jurisdiction over a nonresident defendant for actions arising out of the defendant's contact with the forum." Shaffer

5

v. Heitner, 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). "The threshold requirement is that the defendant must have 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State.' " Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) (internal citations omitted); see also O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007). Next, plaintiff must show that the litigation "arises out of or relate[s] to" those contacts. O'Connor, 496 F.3d at 318. After the sufficient minimum contacts have been established by plaintiff, courts will consider whether the exercise of jurisdiction would otherwise comport with "traditional notions of fair play and substantial justice." Id. at 324, quoting Int'l Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

## III. DISCUSSION AND ANALYSIS

### A. Personal Jurisdiction over Planet-Knox

Planet-Knox first asserts that the Court lacks specific jurisdiction over it because it "has not purposefully availed itself of the privilege of acting within New Jersey and thus, has never invoked the benefits and protections of New Jersey's Laws." (Id. at 22). In support of its argument, Planet-Knox relies on J. McIntyre Mach., Ltd.v Nicastro, and contends that, like that case, "the only connection that this case has to New Jersey is that plaintiffs reside in New Jersey." (Id. at 23). Planet-Knox also asserts that the Court cannot exercise specific jurisdiction because "plaintiffs certainly cannot show that this litigation "arise[s] out of or relate[s] to" at least one of Planet-Knox's contacts with New Jersey, as Planet-Knox has no such contacts." (Id. at 24). Further, Planet-Knox also contends there is no general jurisdiction because Plaintiffs cannot show that Planet-Knox has continuous and systematic contacts with New Jersey. (Id. at 26).

As a threshold matter, this Court agrees with Planet-Knox that general jurisdiction does not exist. In fact, none of the parties have argued that there is general jurisdiction. Planet-Knox's alleged contacts with New Jersey are neither, "continuous or systematic" and it is apparent that Planet-Knox is not "at home" in New Jersey. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); see also Daimler AG v. Bauman, 134 S. Ct. at 762. In the instant case, Planet-Knox has no office in New Jersey, does not pay taxes in New Jersey, does not own property in New Jersey, and has never sent any of its employees to New Jersey. (Travell Decl., Ex. A, ECF No. 27-2, ¶¶ 11-14). Additionally, defendant's relationship with Co-defendants, Two Twenty Motorsports or SportsBike TrackGear, is not a "contact" with New Jersey, since Co-defendants' offices are located in Michigan, not in New Jersey. In fact, this Court agrees with Planet-Knox that "the only nexus this case has to New Jersey is that plaintiffs . . . live in New Jersey." (Rep. Br., ECF No. 37 at 7). Therefore, because general jurisdiction clearly does not exist, the only question before the Court is whether specific jurisdiction exists.

As mentioned above, the Court may only exercise specific jurisdiction over a defendant if the "plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002). The defendant must "purposefully avail itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). Moreover, such jurisdiction only exists if the defendant "should reasonably anticipate being haled into court" in that forum. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1990). Therefore, based on the foregoing standard, this Court must determine whether the current cause of action is related to or arises out of Planet-Knox's contacts with New Jersey, whether Planet-Knox purposefully availed itself of conducting activities within New Jersey, and

whether, in light of its conduct, Planet-Knox should reasonably expect to be sued in New Jersey. For the reasons set out below, this Court must answer these questions in the negative, and therefore, finds that it may not exercise specific jurisdiction over Planet-Knox.

### i. Internet-based Jurisdiction

Plaintiffs contend that this Court may properly exercise personal jurisdiction over Planet-Knox because Planet-Knox "maintains a website which markets its products and solicits customers throughout the world, including New Jersey." (Pls. Br. In Opp., ECF No. 31 at 4). Specifically, Plaintiffs allege that the website "store" allows for direct purchases, which are delivered by Planet-Knox "worldwide via UPS or Royal Mail." (Id. at 9). Plaintiffs also contend that the website uses "cookies" that allow Planet-Knox to keep track of consumer's shopping cart contents, store delivery addresses, and other personal details. (Id.) Moreover, Plaintiffs argue that Planet-Knox has "United States-based social media platforms, including Facebook, Twitter, Instagram, and Youtube," which are used to market its products and solicit business from potential customers throughout the world and United States. (Id. at 5).

Based on review of the facts and relevant case law, this Court concludes that Planet-Knox is not subject to personal jurisdiction in New Jersey by virtue of its internet presence, as it does not purposefully target New Jersey. Zippo Mfg. Co. v. Zippo Dot Com is a seminal case concerning personal jurisdiction based upon the operation of Internet websites. Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119 (W.D.Pa. 1997). The Zippo court emphasized that "the propriety of exercising jurisdiction depends on where on a sliding scale of commercial interactivity the web site falls." Toys R. Us, Inc. v. Step Two, S.A., 318 F.3d 446, 452 (3rd Cir. 2003). For example, the court in Zippo concluded that the defendant was subject to Pennsylvania jurisdiction

because the defendant "repeatedly and consciously chose to process Pennsylvania residents' applications and to assign them passwords." Zippo Mfg. Co., 952 F. Supp. at 1126. The Zippo court stressed the importance of the defendant's intentional choice to conduct business with the residents of the forum state. Id. Several Courts of Appeals, including the Third Circuit have adopted the Zippo rationale. See Toys R. Us, 318 F.3d at 454 (finding that the mere operation of a commercially interactive web site is not enough to subject defendant to jurisdiction of forum); see also ALS Scan v. Digital Service Consultants, Inc., 293 F.3d 707 (4th Cir. 2002) (expressly incorporating an intentionality requirement when fashioning a test for personal jurisdiction in the context of the Internet); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414 (9th Cir. 1997) (concluding there must be "something more" to indicate defendant purposefully directed Internet activity to the forum state).

Plaintiffs have failed to satisfy the purposeful availment requirement for specific jurisdiction. Although Planet-Knox's website and social media sites are commercial and interactive, there is no evidence that they were designed to target customers in New Jersey. In fact, there is no evidence that Planet-Knox conducted any business with residents of New Jersey. The only sales and deliveries that Planet-Knox made in the United States involved Michigan. Moreover, Planet-Knox's website sells its products only in British Pounds, rather than in American dollars, and the website is written in British English, rather than in American English. (Supplemental Declaration of Geoff Travell, Ex. B, ECF No. 37-1, ¶ 4); see Toys "R" Us, 318 F.3d at 454 (finding that website pricing merchandise in pesetas or Euros did not target residents of New Jersey). All of these factors strongly suggest that Planet-Knox's Internet activity did not purposefully target the New Jersey forum. As a result, Planet-Knox, a British company whose sole U.S. distributor is located in Michigan, could not have reasonably anticipated being haled into

New Jersey court simply because it maintains a universally accessible website, as well as social media platforms accessible in the United States.

### ii. Planet-Knox's Contacts with SportBike TrackGear

In further support of their position, Plaintiffs also argue that Planet-Knox is strongly linked with SportBike TrackGear, which as mentioned above, is the company that sold and delivered the subject product to Plaintiff at his home in New Jersey. (Pls. Br. In Opp., ECF No. 31 at 10). In addition, Plaintiffs assert that Planet-Knox and SportBike TrackGear market their products collaboratively. (Id.) Specfically, Plaintiffs points to Planet-Knox's Youtube "channel," which allegedly portrays a Sportbike TrackGear representative promoting Knox products. (Id.) Plaintiffs also contend that a graphic which promotes both Planet-Knox and Sportbike TrackGear can also be found on Planet-Knox's Youtube "channel." (Id.)

Plaintiffs' argument regarding Planet-Knox's contacts with SportBike TrackGear is not persuasive to this Court for several reasons. Sportbike TrackGear is located and incorporated in Michigan, not New Jersey, where the current jurisdictional dispute is pending. As such, any contacts Planet-Knox may actually have with SportBike TrackGear in Michigan are irrelevant regarding the current jurisdictional dispute in New Jersey. In fact, SportBike TrackGears's presence on Planet-Knox's Youtube "channel" likely weakens Plaintiffs' position, as it provides strong support that Planet-Knox's Youtube "channel" is not targeting New Jersey consumers, but instead may be targeting consumers in Michigan, where Sportbike TrackGear is located and incorporated.

Moreover, even if the Court assumes Planet-Knox does in fact have a strong collaborative business relationship with SportBike TrackGear, and has even shipped products directly to them,

it is not enough to subject Planet-Knox to this Court's jurisdiction. It is well established that the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." See Kulko v. California Superior Court, 436 U.S. 84, 93 (1978) (finding it arbitrary to subject one parent to suit in State where other parent spends time while having custody of child pursuant to separation agreement); Hanson v. Denckla, 357 U.S. 235, 253 (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State"). Here, SportBike TrackGear is an independent company, which unilaterally sold and delivered the subject Knox product to plaintiff in New Jersey. Planet-Knox has no control over Co-defendants Two-Twenty Motorsports or SportBike Trackgear's promotion of products in the United States. (Rep. Br., ECF No. 37-1 at 4). In fact, Co-defendants have "complete autonomy as to where they sell Planet Knox's products in the United States . . ." (Travell Decl., Ex. A, ECF No. 27-2, ¶ 32 ). Therefore, Planet-Knox's contacts with SportBike Trackgear or Two Twenty Motorsports are not relevant to the question of whether this Court has personal jurisdiction over Planet-Knox.

### iii. Nationwide Distribution of Product:

Defendants, Two Twenty Motorsports and SportBike TrackGear also join Plaintiffs' argument regarding the ability of this Court to exercise personal jurisdiction over Planet-Knox. Defendants argue that by engaging in the "nationwide distribution of a consumer product," as well as its use of Internet advertising, social media, and direct sales, Planet-Knox has submitted itself to the jurisdiction of this Court. (Br. In Opp., ECF No. 33 at 6). In support of their position, Co-defendants rely strongly on the dissent in J. McIntyre Mach., Ltd. V. Nicastro which suggests that

a foreign manufacturer can avail "itself of the market of all States in which its products were sold by its exclusive distributor." J. McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct. at 2801. This Court finds Co-defendants' reliance on the Nicastro dissent misguided for several reasons. The Nicastro plurality expressly rejected the idea that personal jurisdiction can be exercised over a defendant who merely foresaw and expected its goods to be sold to consumers in that forum. Id. at 2789. Instead, the plurality explained that the general rule for establishing personal jurisdiction over a defendant is that the defendant must "purposefully avail itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id. at 2787. Also significant is the fact that the Supreme Court plurality emphasized that a "forum-by-forum analysis" is required to determine whether the defendant's conduct manifests "an intention to submit to the laws of the forum State." Id. at 2789. Therefore, the fact that New Jersey residents could have viewed Planet-Knox's website or social media platforms, or the fact that the motorcycle gloves actually ended up in plaintiff's possession in New Jersey, is not enough to assert personal jurisdiction over Planet-Knox. It is evident that Planet-Knox did not target New Jersey customers, as Planet-Knox "has never sold the product at issue . . . to any company in the United States other than co-defendant, Two Twenty Motorsports, LLC, in Michigan." (Br. In Sup. of Mot. To Dis., ECF No. 27-1, at 7). Based on the foregoing, it is clear that Planet-Knox has not purposefully availed itself of the benefits and protections of New Jersey's laws and that this Court therefore lacks personal jurisdiction over it.

**B.     Jurisdictional Discovery**

In the alternative, Plaintiffs and Defendants, Two Twenty and Sportbike Trackgear request that the Court allow for further jurisdictional discovery. (Brs. In Opp., ECF Nos. 31 at 8, 33 at 5). Specifically, Plaintiffs request the following discovery:

(1) All documentation, data, or other material in any form with respect to all order for Knox products placed by or delivered to SportBike TrackGear;

(2) Names and addresses of all United States based purchasers of Knox products through its website;

(3) Names and addresses of deliveries to the United States of Knox products purchased through the website;

(4) All data obtained through the use of the Planet-Knox.com website connected to any United States based website visitor;

(5) All invoices, shipping documents, labels, manifests, and all other documents and/or communications, electronic or otherwise, between Knox and Co-defendants SportBike TrackGear, Two Twenty Motorsports, and/or any other United States based distributor, retailer and/or dealer;

(6) All marketing materials distributed in the United States;

(7) All electronic information maintained and/or saved with respect to any social media platform including Facebook, Twitter, Instagram, and Youtube; and

(8) All documents or data in connection with any United States based company which receives any Knox product as Original Equipment.

(Pls. Br. In Opp., ECF No. 31 at 11-12).

Plaintiffs have failed to advance sufficient factual allegations to justify jurisdictional discovery. Jurisdictional discovery is appropriate only "[I]f a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state." Toys "R" Us, 318 F.3d. at 456; quoting Mellong Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.3d 1217, 1223 (3d Cir. 1992). In this case, taking into account all the parties' allegations, no parties have presented sufficient factual allegations to justify a period of jurisdictional discovery. In their argument for jurisdictional discovery, Plaintiffs contend that their request is justified because: (1) evidence suggests that Planet-Knox ships products directly to Co-defendant SportBike TrackGear, (2) Planet-Knox uses its website and social media to market and sell worldwide, including New Jersey, (3) Planet-Knox allows for customers to purchase products directly from its (4) Planet-Knox directly ships products worldwide via UPS and Royal Mail, with no limitation regarding the United States or New Jersey, and (5) that "some data may exist with regard to New Jersey visitors and/or customers who use or access the Knox website," because Planet-Knox's website uses "cookies." (Pls. Br. In Opp., No. 31 at 9). In particular, Plaintiffs stress jurisdictional discovery is necessary because "representations regarding connections with Co-defendant Sportbike TrackGear have been questioned." (Id. at 11).

This Court finds Plaintiffs' reasoning unpersuasive. The parties have presented no evidence indicating that Planet-Knox conducts any business in New Jersey. The parties have not alleged that Planet-Knox directly mailed the allegedly defective product to the Plaintiffs' home in New Jersey. In fact, Plaintiffs have presented no evidence suggesting that Planet-Knox ships its products to or conducts any business in any state other than Michigan, where Co-defendants Two Twenty Motorsports and SportBike TrackGear are located. As discussed above, Plaintiffs' argument that Planet-Knox is concealing a business relationship with Sportbike TrackGear is not

14

only speculative, but completely irrelevant regarding whether Planet-Knox is subject to personal jurisdiction in New Jersey.

Moreover, Plaintiffs' argument that "some data may exist with regard to New Jersey visitors and or customers who use or access the Knox website," (Id. at 9), is too speculative in nature to justify jurisdictional discovery. To grant plaintiffs' request for a period of jurisdictional discovery under such circumstances would be to allow plaintiffs to "undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 157 (3d Cir. 2010). Lastly, even if some New Jersey residents have in fact accessed or visited the Planet-Knox website, it does not amount to the requisite contacts showing Planet-Knox purposefully targeted the New Jersey forum. Therefore, for the reasons discussed above, this Court will not allow jurisdictional discovery.

C.  **Transfer to the Eastern District of Michigan (28 U.S.C. § 1631)**

It is clear that this Court cannot properly exercise personal jurisdiction over Planet-Knox. However, this conclusion does not mandate dismissal, as a district court may transfer venue even where the transferring court lacks jurisdiction. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). This Court must therefore evaluate whether transfer is proper in this case. Based on the parties' submissions, the question still remains whether Planet-Knox has availed itself of Michigan's jurisdiction. Two Twenty Motorsports, located in Shelby, Michigan, is, pursuant to Planet Knox's own submissions, the only U.S. distributor for Planet-Knox. (Br. In Sup. of Mot. To Dis., ECF No.27-1 at 7). Michigan is also allegedly where the bulk of the contracts and interactions with Planet-Knox have taken place. (Br. In Opp., ECF No. 33 at 9). In addition, Planet-Knox has regularly shipped goods to Two Twenty Motorsports' Michigan office. (Id.) In

fact, Planet-Knox representatives have visited Two Twenty Motorsports' Michigan office on several occasions to discuss Planet-Knox products. (Id. at 10).

Thus, although it is apparent that this Court does not have personal jurisdiction over Planet-Knox, the Court finds that it is in the interest of justice not to dismiss the complaint, but instead transfer the case to the Eastern District of Michigan to determine whether the Court in that District may properly exercise personal jurisdiction over Planet-Knox. Pursuant to 28 U.S.C. § 1631, where "the court finds that there is want of jurisdiction, the court shall, if it is in the interest of justice, transfer [the] action. . . to any other such court in which the action . . . could have been brought . . ." 28 U.S.C. §1631. The Third Circuit has elaborated that "a district court lacking personal jurisdiction can transfer a case to a district in which the case could have been brought originally." Gehling v. St. George's School of Medicine, Ltd., 773 F.2d 539, 544 (3d Cir. 1985); see Romero v. Argentinas, 834 F. Supp. 673, 682 (D.N.J. 1993) (transferring matter to SDNY pursuant to 28 U.S.C. § 1631 because personal jurisdiction over defendant appropriate in NY where headquarters were located). In fact, § 1631's language has been interpreted to create a rebuttable presumption in favor of transfer. Pac. Employers Ins. Co. v. AXA Belgium S.A., 785 F. Supp. 2d 457, 475 (E.D. Pa. 2011); see also D'Jamoos v. Pilatus Aircraft Ltd., 2009 WL 3152188 (E.D.Pa.2009) (finding transfer, rather than dismissal, is the option of choice). The evidentiary record establishes a prima facie showing that the Eastern District of Michigan could exercise personal jurisdiction over the Defenadnts. As such, this prima facie showing fulfils § 1631's requirement that the case "could have been brought" in the Eastern District of Michigan. See D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 109 (3d Cir. 2009) (finding that in preliminary states of litigation, prima facie showing of jurisdiction is sufficient for § 1631 transfer).

IV. **CONCLUSION**

Accordingly, for the above reasons, this Court recommends that Planet-Knox Ltd.'s motion to dismiss be **DENIED** without prejudice and also recommends that the Court transfer the case to the Eastern District of Michigan, pursuant to 28 U.S.C. §1631, to determine whether the Court in that District may properly exercise personal jurisdiction over Planet-Knox.

```
            _____
            JOSEPH A. DICKSON, U.S.M.J.
```

cc: Hon. Jose L. Linares, U.S.D.J.